**EUREKA SECURITY INS. AGENCY, INC., Appellee v.
WEIR et, Appellants.**

Ohio Appeals, First District, Hamilton County.

No. 6161. Decided May 17, 1943.

Nichols, Wood, Marx & Ginter, Cincinnati, for appellee.
Earl T. Wagner, Cincinnati, for appellants.

## OPINION

By HILDEBRANT, J.

The Court of Common Pleas of Hamilton county reversed the judgment of the Municipal Court of Cincinnati and remanded the cause which was tried without the intervention of a jury, wherein the Municipal Court granted defendants' motion for judgment at the close of plaintiff's evidence and renewed at the close of all the evidence in a suit by plaintiff, appellee, hereinafter called the plaintiff, for money only; in an amount equal to the earned premium on an insurance policy covering defendants' operations, which plaintiff agency had obtained for them.

Defendants operated a trucking business subject to regulation by the I. C. C. and P. U. C. O. Under I. C. C. regulations authority to operate exists only so long as insurance coverage

with proof thereof on file with the commission at all times, exists, effective from 12:01, A. M., on a day certain to 12:01, A. M., on a day certain in the future. I. C. C. regulations further provide no cancellation can be effective until 30 days after filing with the commission of written notice thereof; the Ohio requirement being ten days.

The testimony discloses that defendants were shopping around for insurance coverage to replace their existing insurance coverage expiring 12:01, A. M., March 2, 1940, in an effort to obtain a lower rate.

One Ammons represented to defendant George Weir, with whom all the negotiations referred to herein were conducted, that through plaintiff agency he could obtain the Buckeye Union Casualty Company to write the insurance at a quoted premium price of $1500 and some cents, and at request of defendant furnished a financial statement of such company for inspection by defendant and his attorney, which defendant reported to be satisfactory. Thereafter Ammons suggested to defendant that in the absence of lower bids and in order to perfect the necessary filings he have a policy issued, the filings made and same delivered to defendant, which defendant permitted him to do. Thereafter. defendant, in further discussion with Ammons complained the rate was $75.00 too high; whereupon, after consideration, Ammons agreed to reduce the rate by that amount. Defendant marked the figures $1425.13 on the policy, the two men shook hands and said "It's a deal." At this same meeting, defendant permitted Ammons to become responsible for and proceed with the necessary filings. At this same time, it appears the branch office manager of the Buckeye Company came at once on call to discuss installation of a safety program and arrange a meeting with defendants' employees in that connection. It further appears that defendants by telephone checked with Ammons with regard to the filing and received the report that the Buckeye Company had been contacted by long distance telephone and reported the filings made as of February 20, 1940, which in fact they were as shown by exhibits in the record.

On the afternoon of March 2, 1940, defendant notified plaintiff to "hold up everything" and informed plaintiff he had obtained other insurance coverage with Standard Accident Insurance Company. Subsequent discussion between the parties was had as to the wisdom of cancellation before the Standard Company's filings could be completed and with regard to the

regulations as to notice of cancellation necessary before the insurance could be cancelled. It appears from the testimony of defendant George Weir that he handled the firm's insurance matters and was reasonably familiar with the regulations as to necessity for the filings and notice of cancellation.

Thereafter, on March 7, 1940, the agent for the Standard Company returned the Buckeye policy to plaintiff for cancellation and the I. C. C. record shows same filed for cancellation on March 23, 1940—hence, effective April 22, 1940.

The Standard Company filing was March 11, 1940, although the claim is made that it was bound from March 2, 1940.

It further appears that defendant knew prior to March 2, 1940 that the reduced premium was acceptable to plaintiff agency and the Buckeye Company. The testimony shows that plaintiff, the Buckeye Company, and Ammons absorbed the reduction in premium equally. The record further shows that the Buckeye policy required an endorsement by way of rider, to effect any change in it and that this rider had not been executed and attached before the cancellation notice, and in the light of that notice was not done thereafter.

It further appears that while the cancellation notice was not filed with the I. C. C. until March 23, 1940, the plaintiff on receipt back of the policy for cancellation as of March 8. 1940, did not immediately give the notice, thinking the policy might be kept in force, and, therefore, only claimed earned premium as fixed by that date.

It further appears that plaintiff has settled with the Buckeye Company on that basis, and brought this action to recover an amount equal to the amount of the earned premium to the effective date of the cancellation of the policy above described.

It is apparent from the record that the trial court proceeded upon the mistaken theory that the contractual obligations between insurer and insured were involved; whereas, the the suit is based upon the claimed oral contract of plaintiff insurance agency for obtaining the policy covering defendants' trucking operations.

There being some conflict in the evidence and as to the amount, the judgment of the Court of Common Pleas, reversing the judgment of the trial court and remanding the cause for a new trial, will be affirmed.

ROSS, P. J., and MATTHEWS, J., concur.